**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.** | |
| Plaintiff, | **CIVIL ACTION NO. 6:14-cv-752** |
| v. | **JURY TRIAL DEMANDED** |
| **APPLE INC.,** | |
| Defendant. | |

**CORE WIRELESS LICENSING S.A.R.L.'S SURREPLY TO APPLE'S MOTION
TO DISMISS CORE WIRELESS LICENSING S.A.R.L.'S COMPLAINT**

**I.      INTRODUCTION**

Like its Opening Brief, Apple's Reply fails to consider the relevant case law, continues to ignore the facts actually pleaded in Core Wireless's Complaint, and ultimately fails to provide any viable legal or equitable basis for dismissing any of Core Wireless's claims. Indeed, Apple's Reply demonstrates by its omissions why Apple's Motion should be denied.

1.      Apple ignores its adoption and advocacy of positions contrary to those advocated in its Opening Brief and Reply concerning the meaning and import of ETSI's IPR Policy.

2.      Apple does not even try to meet its burden to demonstrate that the breach of contract claims are barred by the statute of limitations.

3.      Apple cites no precedent for dismissing the equitable claims under the "claim-splitting doctrine" absent a prior adjudication on the merits.

4.      Apple does not address the Federal Circuit's controlling *Bill of Lading* decision concerning pleading requirements for direct patent infringement.

5.      Apple fails to account for the distinction between what is required to *prove* indirect or willful infringement claims versus what is required to adequately *plead* them.

Contrary to Apple's demand for more specific facts and detailed infringement allegations that identify particular products and recite how specific features practice the claims of the asserted patents, controlling precedent makes clear that Core Wireless's pleadings are legally sufficient. The Complaint recites facts, which taken as true, demonstrate the plausibility of each Count, consistent with the requirements of notice pleading under Rule 8.

II. **CORE WIRELESS'S CONTRACT CLAIMS ARE WELL-PLEADED AND PROPERLY PRESENTED.**

Core Wireless's Complaint must meet only the notice pleading standard of Federal Rule of Civil Procedure 8 for each claim.[1] Indeed, Apple appears to concede in its Reply that pleading "specific facts" is not required for notice pleading.[2] Apple further agrees that Core Wireless's Complaint must simply plead enough facts to allow the Court to draw a plausible inference that Apple is liable for the misconduct alleged.[3] Core Wireless's Complaint meets that standard for each claim. And, despite Apple's implicit urgings otherwise, Core Wireless need not prove — or even forecast detailed evidence — of any of its claims at the pleading stage.[4] Further, Apple's repeated allegation that "Core Wireless allege[d] that Apple's… breach occurred 'nearly five years ago' in 2009"[5] willfully ignores the actual pleaded facts, and instead takes out of context Core Wireless's statement summarizing Apple's multiple and continuing breaches extending over a five year period.[6]

---

[1] Response at 6-9.
[2] *Compare* Reply at 2 (quoting *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323 (Fed. Cir. 2012) sans emphasis on "specific facts"), *with* Response at 6 n.40 (explaining no "specific facts" required to meet notice pleading standard).
[3] Reply at 2 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).
[4] *SecureNova, LLC v. LG Elecs., Inc.*, No. 2:13-CV-905-JRG-RSP, 2014 U.S. Dist. LEXIS 139514, at *3-4 (E.D. Tex. Sept. 19, 2014) (finding defendant sought court to require plaintiff "to prove its claims at the pleading stage" and denying motion to dismiss all direct and indirect infringement claims); *see also TQP Dev., LLC v. Ticketmaster Entm't, Inc.*, No. 2:09-CV-279-TJW, 2010 U.S. Dist. LEXIS 42117, at *5 (E.D. Tex. Apr. 29, 2010) ("The Court does not require that plaintiffs in a patent infringement lawsuit attach fully-developed infringement contentions to its complaint.").
[5] *See* Opening Br. (Doc. 14) at 10-11; Reply at 3-4.
[6] *See, e.g.*, Complaint ¶¶ 40, 47, 53 (summarizing Apple's behavior over a five year period); *id.* ¶¶15-33 (pleading facts relating to Apple's multiple, individual breaches over a five year period).

### A. The Complaint Identifies a Valid Contract and Describes Apple's Repeated and Continuing Breaches.

Core Wireless's Complaint recites facts that support multiple theories by which Apple is subject to an enforceable contract under ETSI's IPR Policy.[7] Apple's three arguments in reply are all wrong because they ignore the pleaded facts. Further, Apple's past interpretation of the same contract confirms the plausibility of the pleaded facts that Apple ignores.

First, Apple tries to recast the issue by now claiming that only certain provisions of the ETSI IPR Policy are enforceable or that its terms are strictly one-sided (offering Apple only benefits without any reciprocal obligations) — contending that Sections 4.1 and 6.1 of the IPR Policy are binding, but that Section 3.2 is not.[8] But the IPR Policy explicitly states that its provisions, as a whole, sound in contract.[9] The Complaint's pleaded facts are not just *plausible*, they are consistent with Apple's own treatment of the entire IPR Policy as a contract.[10] In any event, Apple admits in its Reply that Section 6.1 is binding,[11] which (according to Apple) imposes **reciprocal obligations** on licensors and licensees to negotiate a FRAND license in good faith.[12] It is not necessary at this stage for the Court to decide whether Apple's attempt to pick and choose the IPR Policy provisions that it must follow is correct on the merits because Core

---

[7] Response at 10-13.
[8] Reply at 3 & n.1.
[9] *See* Complaint, Ex. 6 (Doc. 1-7) at 40.
[10] *See* Response at 11 & n.67, quoting Apple's Expert Declaration in *Apple Inc. v. Samsung Elecs., Co., Ltd.*, No. 5:11-cv-01846-LHK (submitted as Exhibit A (Doc. 24-1) to Core Wireless's Response), stating "[t]he ETSI IPR Policy must therefore be construed as a contract…."
[11] Reply at 3 n.1.
[12] *See* Apple's Expert Declaration in *Apple v. Samsung* (Doc. 24-1) ¶ 74 ("[A] FRAND declarant has an obligation to negotiate in good faith to try to reach agreement on a FRAND license…."); *id.* ¶ 81 ("Clause 6.1 of the ETSI Policy Rule may be construed only one way: when the holder of an essential patent submits a FRAND undertaking, it becomes bound by Clause 6.1. ***The only condition put on the commitment is reciprocity from those accepting the license***.") (emphasis added).

3

Wireless has at a minimum alleged sufficient facts to allow the Court to draw a plausible inference that Apple is liable for breach of the IPR Policy.

Second, Apple urges that the Court need not accept Core Wireless's characterization of the pleaded facts.[13] Apple's assertion is wrong as a matter of law, and Apple has not proven that the "plain language" of the IPR Policy bars the instant action, rendering *Wolf v. Rare Medium* inapplicable.[14] Apple also complains about citation to exhibits attached to the briefing even though *Apple* invited the Court to consider matters of public record; in any event, the exhibits reinforce the plausibility of the pleaded facts and counter the arguments and exhibits in Apple's Opening Brief.[15]

Third, Apple asserts that deeming itself a "present licensee" to Samsung's declared-essential patents pursuant to the IPR Policy is of no consequence here.[16] Apple is not playing it straight. The universal nature and interchangeability of Apple's position is evident when "Samsung" is replaced with "Core Wireless" in Apple's prior statement:

> To begin, Apple is presently licensed to [Core Wireless's] declared-essential patents by virtue of [Core Wireless's] FRAND commitments to ETSI and Apple's acceptance of [Core Wireless's] offer of a FRAND licenses [sic] when Apple began to implement the UMTS standard.[17]

The IPR Policy is a contract; its nature should not vary from case to case to fit Apple's self-serving needs. Core Wireless's pleaded facts and contract claims should be accepted as true at this stage because their plausibility is confirmed by Apple's own prior acts and admissions. Indeed, Apple's Reply fails to address any of Core Wireless's other arguments, including the

---

[13] Reply at 3.
[14] *Baker v. Puntal*, 75 F.3d 190, 196 (5th Cir. 1996); *Wolf v. Rare Medium, Inc.*, 210 F. Supp. 2d 490, 496 (S.D.N.Y. 2002).
[15] *See, e.g.*, Opening Br. (Doc. 14) at 16 n. 9.
[16] Reply at 3.
[17] Opening Br., Ex. A (Doc. No. 14-1) at 1.

4

facts and legal authority demonstrating the sufficiency of Core Wireless's pleaded contract theories.

### B. Core Wireless's Claims Are Not Time-Barred.

Apple did not even attempt to meet its burden on the statute of limitations issue. Core Wireless's Response explains that the law requires Apple to prove applicability of the statute of limitations and to prove when Core Wireless's claim accrued to support dismissal.[18] Apple has done neither. Instead, Apple's Reply argues three unavailing points.

Apple first contends that the Complaint does not plead any continuing obligation or successive breaches by Apple.[19] This argument ignores the Complaint's pleaded facts, including those identified in Core Wireless's Response. The Complaint pleads facts concerning Apple's obligations and Core Wireless's rights pursuant to the IPR Policy, and develops the continuing nature of the parties' interactions and Apple's repeated refusal to comply with its contractual obligations.[20] Nonetheless, Apple suggests that it has the power and right to decide which IPR Policy provisions are binding, on whom, and when. Apple claims that it has no continuing obligation to negotiate in good faith (and thus cannot successively breach its obligation), but "[t]o be clear," Apple contends that Core Wireless does have a continuing obligation capable of successive breaches over time pursuant to Section 6.1.[21] Apple's argument again requires that the contractual IPR Policy be interpreted in one way when it will benefit Apple, but an opposite way when it will not, which is contrary to basic contract law.

---

[18] Response at 13-14 n.86; Complaint ¶¶ 25-31.
[19] Reply at 4.
[20] *See* discussion and authority cited, Response at 14-16.
[21] Reply at 4 & n.3.

5

Apple next argues that Core Wireless's own interactions with Apple in 2011 and 2013 cannot give rise to successive breaches by Apple.[22] But Apple seems to misconstrue or misunderstand Core Wireless's position that pursuant to Texas law, the statute of limitations did not begin to run until Core Wireless suffered legal injury due to Apple's actions (or inactions, as the case may be) vis-à-vis Core Wireless.[23] That date cannot be earlier than 2011. As to Apple's half-hearted insinuation that an assignment cannot toll the statute of limitations, Apple cites only a single decision with no factual application here.[24]

Apple's last argument is likewise inapt because Apple's first publicly-available proclamation of its alleged license to ETSI IPR holders' patents occurred in 2012 when Apple's wrongful act (failing to pay for or negotiate a license in good faith) caused Core Wireless legal injury. A "legal injury" pursuant to Texas law (which Apple asserts is controlling) is "an injury giving cause of action by reason of its being an invasion of a plaintiff's right."[25] In 2012 and onward, not only did Apple confirm its invasion of Core Wireless's rights, it further successively breached its continuing obligation to negotiate with Core Wireless in good faith. Viewing these facts most favorably to Core Wireless, Core Wireless timely filed its claims.

### C.   The Contract Claims Are Not Improperly Split.

There is no legal or equitable basis to dismiss the contract claims pursuant to the claim-splitting doctrine. Apple's Reply still does not cite any decision in which the claims were

---

[22] Reply at 4.
[23] *See* Response at 14-16.
[24] *F.D.I.C v. Bledsoe*, 989 F.2d 805, 810 (5th Cir. 1993) concerned a claim for default on a promissory note and the effect of subsequent transfers under the Financial Institutions Reform, Recovery, and Enforcement Act.
[25] *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997) (citation omitted).

dismissed when the related claims had not yet been adjudicated,[26] nor does it articulate any alleged harm that Apple—or anyone else—will suffer if the Portfolio claims remain in this case. Equitable factors therefore support preserving the claims in this case at least and until the totality of the Portfolio claims are resolved in *Core Wireless I*.[27]

### D. The Declaratory Judgment Claims Are Distinct and Ripe for Adjudication.

Core Wireless's declaratory judgment claims are not identical to the contract claims. While Apple casts the claims as merely "back-up" and "requiring a change in law to succeed," neither characterization is accurate.[28] There is an immediate and substantial legal controversy between the parties causing Core Wireless actual legal injury: Apple refuses to pay Core Wireless a FRAND royalty rate, or even negotiate one in good faith, while Apple continues to use Core Wireless's standard-essential patents. Apple again ignores that the declaratory judgment claims are likely to have effects (and remedies) distinct from breach of contract claims, such as an injunction.[29] Thus, both declaratory judgment claims add something to the suit not clearly covered by Core Wireless's breach of contract claims.

## III. CORE WIRELESS'S INFRINGEMENT CLAIMS SATISFY THE NOTICE PLEADING STANDARD.

### A. Core Wireless Sufficiently Pleaded Direct Infringement.

After first failing to consider patent-specific precedent, Apple now seeks to rewrite the *Bill of Lading* decision to support its demand for "more facts." In Apple's view, a plaintiff can

---

[26] *See Super Van, Inc. v. City of San Antonio*, 92 F.3d 366, 370 (5th Cir. Tex. 1996) ("[W]e have recognized that claims that were not actually litigated are not barred….").
[27] Response at 17-20.
[28] Reply at 6-7.
[29] Response at 20-23.

only look to Form 18 for guidance if the accused product is "the same type of specific product" identified in the title of on asserted patent.[30] That is not the law.[31]

Although Apple repeats that it claims not to have "any notice" concerning Core Wireless's claims, Apple fails to articulate what it desires to know, much less how its desires are consistent with legal requirements. In any event, Apple apparently did not even fully consider the Complaint in view of Apple's objection to the alleged recitation of "iPod touch" models: those products are not even actually accused in this matter or mentioned in the Complaint.[32] Nonetheless, Apple admits that the Complaint specifically identifies "at least seventeen" Apple products (by name) that are accused of infringement.[33] And the asserted patents are attached as exhibits to the Complaint, each of which discusses the ETSI standards to which their respective inventions relate, and describes the claimed features and functionalities.[34] A reasonable inference may be drawn from those pleaded facts that Apple is liable for direct infringement.

### B. Core Wireless Sufficiently Pleaded Indirect Infringement.

#### 1. Core Wireless Sufficiently Pleaded Induced Infringement.

Core Wireless's induced infringement claims are also sufficient. Apple appears to concede that the Complaint adequately identifies direct infringers.[35] However, Apple's contention that it matters if the Complaint recites an allegedly broader inducement standard is wrong on its face.[36] The Complaint recites that "Apple knew" that its acts would induce actual

---

[30] Reply at 7.
[31] *See* discussion and authority cited, Response at 23-25.
[32] *Compare* Apple's Reply at 7, *with* Complaint ¶ 22.
[33] Reply at 7.
[34] *See, e.g.*, Complaint, Ex. 1 (Doc. 1-2) cols. 1-2; Ex. 2 (Doc. 1-3) cols. 1-2; Ex. 3 (Doc. 1-4) cols. 1-2; Ex. 4 (Doc. 1-5) cols 1-2; and Ex. 5 (Doc. 1-6) cols. 1-2.
[35] Response at 26. Apple's Reply does not reassert that contention.
[36] Reply at 8.

infringement.[37] Concerning those acts, the Complaint describes Apple's instructive materials and information for use of the accused products by the identified direct infringers.[38] While Apple suggests that is still not enough, Apple's further assertion that an "accused feature or component" must be identified is contrary to the notice pleading standard.[39] While such identification may be required to *prove* an infringement claim, it is not required to plead one. Indeed, multiple decisions by this Court demonstrate that the Complaint is sufficient.[40]

## 2. Core Wireless Sufficiently Pleaded Contributory Infringement.

Core Wireless's contributory infringement claims also meet the notice pleading standard. Apple's Reply again confuses what is required at the pleading stage with what must be shown to prove liability, citing *Cross Medical Products, Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293 (Fed. Cir. 2005).[41] But, *Cross Medical* addresses what is necessary to prove a contributory

---

[37] Complaint ¶¶ 66-67, 78-79, 90-91, 102-103, & 114-115.
[38] *See id.* ¶¶ 67, 79, 91, 103, & 115.
[39] Reply at 8. As opposed to the Complaint here, the complaint at issue in the *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.* decision that Apple cites consisted of only the following paragraph — devoid of any other relevant facts — asserting both contributory and induced infringement claims:

> Defendants directly contribute and induce infringement through supplying infringing systems and components to Defendants' customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendants' instructions directly infringe one or more claims of the [patent], in violation of 35 U.S.C. § 271.

Complaint, *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366 (E.D. Tex.), Doc. 1 ¶ 22. *Cf.* Core Wireless's Complaint (Doc. 1) ¶¶ 66-67, 78-79, 90-91, 102-103, and 114-115.

[40] *SecureNova*, 2014 U.S. Dist. LEXIS 139514; *Mobile Telecomms. Techs., LLC v. Amazon.com, Inc.*, No. 2:13-cv-883-JRG-RSP, 2014 U.S. Dist. LEXIS 138786 (E.D. Tex. Aug. 26, 2014); *Achates Reference Publ'g, Inc. v. Symantec Corp.*, No. 2:11-cv-294-JRG-RSP, 2013 U.S. Dist. LEXIS 27143 (E.D. Tex. Jan. 10, 2013); *Cardsoft, LLC v. The Gores Gp., LLC*, No. 2:12-cv-325-JRG-RSP, 2013 U.S. Dist. LEXIS 142493 (E.D. Tex. Sep. 19, 2013).

[41] Reply at 9.

infringement claim, not to plead one. Apple's attempt to impose a heightened pleading standard should be rejected, consistent with the precedent in this District.[42]

### 3. Core Wireless Sufficiently Pleaded Willful Infringement.

Like Core Wireless's other claims, the willful infringement claims are sufficiently pleaded. The Complaint recites sufficient facts to allow the Court to reasonably infer that Apple's infringement of the asserted patents has been, and continues to be, willful. The Complaint includes facts about Apple's pre-suit knowledge of the asserted patents derived from prior arms-length business negotiations (which Apple concedes in its Reply).[43] Those facts must be taken as true and viewed in the light most favorable to Core Wireless.[44] Moreover, facts supporting willful infringement can be rooted both in pre- and post-filing conduct.[45]

Core Wireless adequately pleaded the facts supporting its claims, and provided Apple of notice of the basis for each of its claims. Core Wireless need not prove its claims at this juncture, but instead show their plausibility (as Core Wireless has done). The Court should therefore deny Apple's Motion — or, in the alternative, grant leave to amend the pleadings.

---

[42] *SecureNova*, 2014 U.S. Dist. LEXIS 139514; *Mobile Telecomms.*, 2014 U.S. Dist. LEXIS 138786; *Achates*, 2013 U.S. Dist. LEXIS 27143.

[43] Complaint ¶¶ 18-19, 25-27, 29, 30-31; Reply at 10. Apple's insinuation that Federal Rule of Evidence 408 shrouds its knowledge of the patents is contrary to the plain language of the Rule.

[44] *Mobile Telecomms.*, 2014 U.S. Dist. LEXIS 138786, at *2, 7-8. Core Wireless's factual statements distinguish this case from *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 12-cv-366-MHS-JDL, 2013 U.S. Dist. LEXIS 187806 (E.D. Tex. Feb. 7, 2013). In *U.S. Ethernet*, the plaintiff's sole statement concerning willfulness was:

> Defendants have had actual or constructive knowledge of the [asserted patent], yet continue to infringe said patent. The infringement of the [asserted patent] by Defendants is willful and deliberate, entitling USEI to increased damages…

*U.S. Ethernet*, Amended Complaint, Doc. 45 ¶ 25. Because the above statement was the **only** conclusory statement relating to the defendants' knowledge, the Court dismissed the claim. The circumstances are not the same here.

[45] *Id.*

Dated: December 29, 2014                        Respectfully Submitted,

By: */s/ Henry Bunsow*
Henry Bunsow (California State Bar # 60707)
Brian A.E. Smith (California State Bar # 188147)
**BUNSOW, DE MORY, SMITH & ALLISON LLP**
351 California Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 426-4747
Facsimile: (415) 426-4744
Email: hbunsow@bdiplaw.com
Email: bsmith@bdiplaw.com

Denise M. De Mory (California State Bar #168076)
Craig Y. Allison (California State Bar # 161175)
**BUNSOW, DE MORY, SMITH & ALLISON LLP**
600 Allerton Street, Suite 101
Redwood City, CA  94063
Telephone: (650) 351-7248
Facsimile: (650) 351-7259
Email: ddemory@bdiplaw.com
Email: callison@bdiplaw.com

T. John Ward, Jr. (Texas Bar # 00794818)
Wesley Hill (Texas Bar # 24032294)
**WARD & SMITH LAW FIRM**
1127 Judson Road, Suite 220
Longview, Texas 75601
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
Email: jw@wsfirm.com
Email: wh@wsfirm.com

**ATTORNEYS FOR PLAINTIFF**
**CORE WIRELESS LICENSING S.A.R.L.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail.

                                                    */s/ Henry C. Bunsow*
                                                    Henry C. Bunsow