**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** | ) | |
| | ) | Civil Action No. 6:14-cv-752 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **APPLE INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANT APPLE INC.'S PARTIAL ANSWER, DEFENSES AND
COUNTERCLAIMS TO CORE WIRELESS LICENSING S.A.R.L.'s COMPLAINT**

Pursuant to the Court's July 1, 2015 Order (Dkt. No. 72) (the "July 1 Order"),  this is

Apple Inc.'s ("Apple") responsive pleading under Fed. R. Civ. P. 12, and contains Apple's

defenses to the Claims asserted by plaintiff Core Wireless Licensing S.A.R.L. ("Core Wireless"),

as well as Apple's Counterclaims related to Core Wireless's direct infringement claims.

Consistent with the July 1 Order, Apple will answer Core Wireless's other claims and assert any

relevant defenses and/or counterclaims upon resolution of Apple's pending motion to dismiss

Core Wireless's indirect and willful infringement claims, and contract claims.

**THE PARTIES[1]**

1.       Apple admits that Core Wireless avers that it is a corporation duly organized and

existing under the laws of the Grand Duchy of Luxembourg.  Apple denies that all pertinent

documents and discovery reside at Core Wireless USA's local address.  Apple lacks knowledge

---

[1]       For convenience and clarity, Apple's Answer utilizes the same headings as in Core Wireless's Complaint. Apple does not admit any of the allegations contained in Core Wireless's headings.

or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1, and therefore denies the same.

2.      Apple admits that it is a corporation duly organized and existing under the laws of the State of California, having a principal place of business at 1 Infinite Loop, Cupertino, CA 95014.  Apple further admits that its registered agent, registered with the Texas State Secretary of State's Office, is CT Corp. Systems..

3.      Apple admits that it is involved in litigation with Core Wireless in this District regarding several United States patents alleged to be owned by Core Wireless.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and therefore denies the same.  Further, as set forth in Apple's Motion to Transfer Venue to the Northern District of California, Dkt. No. 65, the Northern District of California also has experience with the accused Apple products and an active patent docket.

**JURISDICTION**

4.      The allegations in Paragraph 4 state conclusions of law to which no response is required.

5.      The allegations in Paragraph 5 state conclusions of law to which no response is required.

6.      The allegations in Paragraph 6 state conclusions of law to which no response is required.

7.      Apple denies that it has committed any acts of infringement. The remaining allegations in Paragraph 7 state conclusions of law to which no response is required.

8.      Apple admits that its accused products (which are manufactured and assembled by third parties) are or have been used, offered for sale, sold, or purchased in the Eastern District

of Texas.  Apple denies that it has voluntarily submitted to the jurisdiction of the Court by
commencing litigation within the State of Texas or registering with the Texas Secretary of State.
The remaining allegations in Paragraph 8 state conclusions of law to which no response is
required.

## VENUE

9.      Apple denies that venue would be most convenient in this District (and has filed a
motion to transfer to the Northern District of California, Dkt. No. 65) and denies that it has
committed any acts of infringement.  The remaining allegations in Paragraph 9 state conclusions
of law to which no response is required.

## FACTUAL ALLEGATIONS

10.      Apple admits that United States Patent No. 5,946,634 ("the '634 patent") is
entitled *Mobile Communications*; that the '634 patent indicates that it was issued by the United
States Patent and Trademark Office ("USPTO") on August 31, 1999; and that an uncertified
copy of what purports to be the '634 patent is attached to the Complaint as Exhibit 1.  Apple
denies that the '634 patent was properly issued.  Apple lacks knowledge or information sufficient
to form a belief as to whether Core Wireless is the current owner of all rights, title, and interest
in the '634 patent, and therefore denies the same.

11.      Apple admits that United States Patent No. 6,477,151 ("the '151 patent") is
entitled *Packet Radio Telephone Services*; that the '151 patent indicates that it was issued by the
USPTO on November 5, 2002; and that an uncertified copy of what purports to be the '151
patent is attached to the Complaint as Exhibit 2.  Apple denies that the '151 patent was properly
issued.  Apple lacks knowledge or information sufficient to form a belief as to whether Core

Wireless is the current owner of all rights, title, and interest in the '151 patent, and therefore denies the same.

12.     Apple admits that United States Patent No. 6,633,536 ("the '536 patent") is entitled *Signalling In A Digital Mobile Communications System*; that the '536 patent indicates that it was issued by the USPTO on October 14, 2003; and that an uncertified copy of what purports to be the '536 patent is attached to the Complaint as Exhibit 3.  Apple denies that the '536 patent was properly issued.  Apple lacks knowledge or information sufficient to form a belief as to whether Core Wireless is the current owner of all rights, title, and interest in the '536 patent, and therefore denies the same.

13.     Apple admits that United States Patent No. 7,782,818 ("the '818 patent") is entitled *System And Method For Providing A Connection In A Communication Network*; that the '818 patent indicates that it was issued by the USPTO on August 24, 2010; and that an uncertified copy of what purports to be the '818 patent is attached to the Complaint as Exhibit 4. Apple denies that the '818 patent was properly issued.  Apple lacks knowledge or information sufficient to form a belief as to whether Core Wireless is the current owner of all rights, title, and interest in the '818 patent, and therefore denies the same.

14.     Apple admits that United States Patent No. RE44,828 ("the '828 patent") is entitled *Method And Arrangement For Choosing A Channel Coding And Interleaving Scheme For Certain Types Of Packet Data Connections*; that the '828 patent indicates that it was issued by the USPTO on April 8, 2014 and that it is a reissue of U.S. Patent No. 7,773,708, which was issued on August 10, 2010; and that an uncertified copy of what purports to be the '828 patent is attached to the Complaint as Exhibit 5.  Apple denies that the '828 patent was properly issued. Apple lacks knowledge or information sufficient to form a belief as to whether Core Wireless is

the current owner of all rights, title, and interest in the '828 patent, and therefore denies the same.

16. 15.   Apple denies that the patents-in-suit are essential or that Core Wireless has demonstrated that it has any essential patents.  Core Wireless has previously asserted fourteen patents against Apple, which Core Wireless claimed were essential and therefore infringed by Apple.  Core Wireless dismissed nine of those patents (including with prejudice in some cases) before trial and at trial Apple was found not to infringe any of the remaining five patents.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and therefore denies the same.

16.   Apple admits that the United States patent applications related to the patents-in-suit were originally filed by Nokia Corp.  Apple admits that Nokia is and has been a member of ETSI.  Apple denies that these applications disclose any inventive and/or novel idea, or that they resulted in any valid, enforceable patent.

17.   Apple admits that ETSI has been involved in the standardization of the 2G GSM (including GPRS and Enhanced Data Rates for GSM Evolution), 3G UMTS, and 4G LTE standards.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, and therefore denies the same.

18.   Apple admits that, as a result of this litigation, it has knowledge that Nokia submitted declarations to ETSI identifying the patents-in-suit (or a member of the patent family) to ETSI pursuant to Clause 6.1 of the ETSI Intellectual Property Rights Policy ("IPR Policy").  Apple further admits that a party that has declared a patent as essential to ETSI, as Nokia did for the patents-in-suit, has an obligation to license that patent on fair, reasonable, and non-discriminatory ("FRAND") terms under ETSI's IPR Policy.

19.     Apple admits that a party that has declared a patent as essential to ETSI has an obligation to license that patent on FRAND terms under ETSI's IPR Policy.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore denies the same.

20.     Apple admits that Core Wireless submitted a declaration to ETSI in 2013 indicating that it "is the successor-in-interest of Nokia Corporation and/or its AFFILIATES to the IPRs disclosed in the attached IPR Information Statement Annex.  Declarant commits to respect the pre-existing commitments of Nokia Corporation and/or its AFFILIATES to ETSI with respect to the IPRs disclosed in the attached IPR Information Statement Annex."  Apple denies that Core Wireless's declaration to ETSI includes any limitation regarding "willing licensees who negotiate in good faith."  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and therefore denies the same.

21.     Apple admits that Exhibit 6 to the Complaint is a copy of ETSI's IPR Policy dated March 19, 2014.  Apple admits that the Section 3.2 of the Policy Objectives of the ETSI IPR Policy in Exhibit 6 reads as follows:  "IPR holders whether members of ETSI and their AFFILIATES or third parties, should be adequately and fairly rewarded for the use of their IPRs in the implementation of STANDARDS and TECHNICAL SPECIFICATIONS."

22.     Apple admits that certain of its wireless mobile devices operate on networks supporting the GSM/GPRS, UMTS, and/or the LTE standards.  Apple denies the remaining allegations of Paragraph 22.

23.     Apple admits that it is a member of ETSI, that it is aware of ETSI's IPR Policy, and that it complies with ETSI's IPR Policy.  The remaining allegations in Paragraph 23 state conclusions of law to which no response is required.

24.     Apple admits that Nokia and Apple agreed to a license for a subset of Nokia's patents that did not include the patents-in-suit, and otherwise denies the allegations of paragraph 24.

25.     Apple admits that Core Wireless contacted Apple between February 2012 and July 2012 by letter and email; with respect to the contents of those communications, the documents speak for themselves.  Apple denies the remaining allegations in Paragraph 25.

26.     Apple admits that Apple sent a letter to Core Wireless on October 30, 2012; with respect to the contents of that letter, the document speaks for itself.  Apple denies the remaining allegations in Paragraph 26.

27.     Apple admits that on January 30, 2013 Apple sent a letter to Core Wireless; with respect to the contents of that letter, the document speaks for itself.  Apple denies the remaining allegations in Paragraph 27.

28.     Apple admits that in April 2013, Apple and Core Wireless attended a court-ordered mediation in Civil Action No. 6:12-cv-100 (E.D. Tex.) involving the same parties, and that the mediation did not resolve the case.  Apple denies the remaining allegations in Paragraph 28.

29.     Apple admits that on September 27, 2013 Apple sent Core Wireless a letter; with respect to the contents of that letter, the document speaks for itself.  Apple denies the remaining allegations in Paragraph 29.

30.     Apple admits that representatives of Core Wireless and Apple met at least twice during 2014.  Apple further admits that the parties did not agree to a license.  Apple denies the remaining allegations in Paragraph 30.

31.     Apple admits that on June 8, 2014, Apple sent a letter to Core Wireless; with respect to the contents of that letter, the document speaks for itself.  Apple denies the remaining allegations of Paragraph 31.

32.     Apple admits that in September 2014, Apple and Core Wireless attended a court-ordered mediation in Civil Action No. 6:12-cv-100 (E.D. Tex.), and that the mediation did not resolve the case.

33.     Apple admits that it has not provided Core Wireless any compensation in return for a license, and avers that Core Wireless is not entitled to any such compensation.  Apple denies the remaining allegations in Paragraph 33.

## FIRST COUNT
### (Breach of Apple's Contractual Obligations to ETSI)

34.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 34 at this time.

35.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 35 at this time.

36.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 36 at this time.

37.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 37 at this time.

38.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 38 at this time.

39.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 39 at this time.

40.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 40 at this time.

41.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 41 at this time.

**SECOND COUNT**
**(Breach of Apple's Contractual Obligations to Core Wireless)**

42.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 42 at this time.

43.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 43 at this time.

44.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 44 at this time.

45.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 45 at this time.

46.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 46 at this time.

47.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 47 at this time.

48.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 48 at this time.

### THIRD COUNT
### (Declaratory Judgment that Apple Is an Unwilling Licensee)

49.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 49 at this time.

50.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 50 at this time.

51.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 51 at this time.

52.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 52 at this time.

53.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 53 at this time.

54.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 54 at this time.

55.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 55 at this time.

56.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 56 at this time.

57.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 57 at this time.

### FOURTH COUNT
### (Declaratory Judgment of a FRAND Royalty Rate
### for Core Wireless's Standard-Essential Patents)

58.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 58 at this time.

59.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 59 at this time.

60.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 60 at this time.

61.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 61 at this time.

62.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 62 at this time.

## FIFTH COUNT
### (Infringement of the '634 patent)

63.     Apple incorporates by reference its responses to Paragraphs 1-62 of this Answer as if fully set forth herein.

64.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and therefore denies the same.

65.     Apple denies the allegations in Paragraph 65.

66.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 66 at this time.

67.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 67 at this time.

68.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 68 at this time.

69.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 69 at this time.

70.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 70 at this time.

71.     Apple denies the allegations in Paragraph 71 relating to direct infringement; pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's remaining allegations in Paragraph 71 at this time.

72.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 72 at this time.

73.     Apple denies the allegations in Paragraph 73 relating to direct infringement; pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's remaining allegations in Paragraph 73 at this time.

74.     Apple denies the allegations in Paragraph 74.

## SIXTH COUNT
### (Infringement of the '151 patent)

75.     Apple incorporates by reference its responses to Paragraphs 1-74 of this Answer as if fully set forth herein.

76.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and therefore denies the same.

77.     Apple denies the allegations in Paragraph 77.

78.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 78 at this time.

79.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 79 at this time.

80.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 80 at this time.

81.      Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 81 at this time.

82.      Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 82 at this time.

83.      Apple denies the allegations in Paragraph 83 relating to direct infringement; pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's remaining allegations in Paragraph 83 at this time.

84.      Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 84 at this time.

85.      Apple denies the allegations in Paragraph 85 relating to direct infringement; pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's remaining allegations in Paragraph 85 at this time.

86.      Apple denies the allegations in Paragraph 86.

## SEVENTH COUNT
### (Infringement of the '536 patent)

87.      Apple incorporates by reference its responses to Paragraphs 1-86 of this Answer as if fully set forth herein.

88.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and therefore denies the same.

89.      Apple denies the allegations in Paragraph 89.

90.      Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 90 at this time.

91.      Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 91 at this time.

92.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 92 at this time.

93.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 93 at this time.

94.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 94 at this time.

95.     Apple denies the allegations in Paragraph 95 relating to direct infringement; pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's remaining allegations in Paragraph 95 at this time.

96.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 96 at this time.

97.     Apple denies the allegations in Paragraph 97 relating to direct infringement; pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's remaining allegations in Paragraph 97 at this time.

98.     Apple denies the allegations in Paragraph 98.

**EIGHTH COUNT**
**(Infringement of the '818 patent)**

99.     Apple incorporates by reference its responses to Paragraphs 1-98 of this Answer as if fully set forth herein.

100.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and therefore denies the same.

101.    Apple denies the allegations in Paragraph 101.

102.    Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 102 at this time.

103.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 103 at this time.

104.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 104 at this time.

105.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 105 at this time.

106.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 106 at this time.

107.     Apple denies the allegations in Paragraph 107 relating to direct infringement; pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's remaining allegations in Paragraph 107 at this time.

108.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 108 at this time.

109.     Apple denies the allegations in Paragraph 109 relating to direct infringement; pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's remaining allegations in Paragraph 109 at this time.

110.     Apple denies the allegations in Paragraph 110.

## NINTH COUNT
### (Infringement of the '828 patent)

111.     Apple incorporates by reference its responses to Paragraphs 1-110 of this Answer as if fully set forth herein.

112.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and therefore denies the same.

113.     Apple denies the allegations in Paragraph 113.

114.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 114 at this time.

115.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 115 at this time.

116.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 116 at this time.

117.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 117 at this time.

118.     Apple denies the allegations in Paragraph 118 relating to direct infringement; pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's remaining allegations in Paragraph 118 at this time.

119.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 119 at this time.

120.     Apple denies the allegations in Paragraph 120 relating to direct infringement; pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's remaining allegations in Paragraph 120 at this time.

121.     Apple denies the allegations in Paragraph 121.

## DAMAGES

122.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 122 at this time.

123.     Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's allegations in Paragraph 123 at this time.

124.    To the extent Paragraph 124 relates to Core Wireless's direct infringement claims, Apple denies the allegations of Paragraph 124.  Pursuant to the July 1 Order, Apple is not required to respond to Core Wireless's remaining allegations in Paragraph 124 at this time.  To the extent the allegations in Paragraph 124 state conclusions of law, no response is required.

## ATTORNEY'S FEES

125.    To the extent the allegations in Paragraph 125 state conclusions of law, no response is required.  Apple denies the remaining allegations in Paragraph 125.

## PRAYER FOR RELIEF

Apple denies that Core Wireless is entitled to any relief in this action, as requested or otherwise.

## DEMAND FOR A JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Apple demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES TO CORE WIRELESS'S COMPLAINT

On information and belief, Apple asserts the following defenses to Core Wireless's Complaint:

### First Defense (Non-Infringement)

Core Wireless is not entitled to any relief against Apple because Apple has not infringed any valid claim of the '634 patent, '151 patent, '536 patent, '818 patent, and '828 patent (the "Core Wireless Asserted Patents").

### Second Defense (Invalidity)

One or more of the claims of the Core Wireless Asserted Patents are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for

patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and 112.

### Third Defense (License, Authority to Practice and/or Unenforceability)

Apple has a license (express or implied) to practice one or more of the Core Wireless Asserted Patents, and/or Apple has authority to practice the patents, or the patents are unenforceable against Apple, on one or more of the following grounds: estoppel, laches, waiver, unclean hands, and/or other applicable equitable doctrines.

## COUNTERCLAIMS

Plaintiff-in-counterclaim Apple, on personal knowledge as to its own acts, and on information and belief as to all others based on its own and its attorneys' investigation, alleges Counterclaims against Core Wireless as follows:

## NATURE OF ACTION

1.      These Counterclaims arise from Core Wireless's baseless allegation of infringement of the Core Wireless Asserted Patents.

2.      Upon information and belief, Core Wireless claims to be the owner of all rights, titles, and interests in and to the Core Wireless Asserted Patents.

3.      An actual case or controversy exists between the parties concerning the infringement, validity, and enforceability of one or more of the claims of the Core Wireless Asserted Patents.

## PARTIES

4.      Apple is a corporation organized under the law of the State of California and its principal place of business is in Cupertino, California.

5.      According to Core Wireless's Complaint, Core Wireless is a corporation duly organized and existing under the laws of the Grand Duchy of Luxembourg, having a principal place of business at 16, Avenue Pasteur L-2310 Luxembourg.

## JURISDICTION AND VENUE

6.       The Court has jurisdiction over these Counterclaims pursuant to the Federal Patent Act, 28 U.S.C. §§ 1338(a), 2201, 2202, and 28 U.S.C. §§ 1331, 1337.

7.      Core Wireless has subjected itself to personal jurisdiction by suing Apple in this District.

8.      As set forth in Apple's Motion to Transfer, filed on June 25, 2015 as Dkt. 65, this Court should transfer this action to the United States District Court for the Northern District of California because that is the proper venue for this case.  Until the Court rules on that Motion, however, Apple will defend itself in this venue, including by litigating Apple's Counterclaims.

## CLAIMS FOR RELIEF[2]

### FIRST CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '634 Patent)

9.      Apple repeats and realleges the allegations of the preceding Counterclaim Paragraphs 1-8 as if set forth fully herein.

10.     Apple has not infringed and is not infringing any valid claim of the '634 patent.

11.     To resolve the legal and factual questions raised by Core Wireless and to afford relief from the uncertainty and controversy that Core Wireless' allegations have created, Apple is

---

[2] Apple reserves its right to amend its counterclaims upon resolution of Apple's Motion to Dismiss, Dkt. 14, as amended by Dkt. 46 (Apple's Notice of Partial Withdrawal of Pending Motion to Dismiss).

entitled to declaratory judgment that it has not infringed and is not infringing any valid,

enforceable claim of the '634 patent.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment of Invalidity of the '634 Patent)

12.     Apple repeats and realleges the allegations of the preceding counterclaim

Paragraphs 1-11 as if set forth fully herein.

13.     One or more claims of the '634 patent are invalid for failing to meet one or more

of the requisite statutory and decisional requirements and/or conditions for patentability under

Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

14.     To resolve the legal and factual questions raised by Core Wireless and to afford

relief from the uncertainty and controversy that Core Wireless' allegations have created, Apple is

entitled to a declaratory judgment that the '634 patent is invalid.

## THIRD CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '151 Patent)

15.     Apple repeats and realleges the allegations of the preceding Counterclaim

Paragraphs 1-14 as if set forth fully herein.

16.     Apple has not infringed and is not infringing any valid claim of the '151 patent.

17.     To resolve the legal and factual questions raised by Core Wireless and to afford

relief from the uncertainty and controversy that Core Wireless' allegations have created, Apple is

entitled to declaratory judgment that it has not infringed and is not infringing any valid,

enforceable claim of the '151 patent.

## FOURTH CAUSE OF ACTION
### (Declaratory Judgment of Invalidity of the '151 Patent)

18.     Apple repeats and realleges the allegations of the preceding counterclaim Paragraphs 1-17 as if set forth fully herein.

19.     One or more claims of the '151 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

20.     To resolve the legal and factual questions raised by Core Wireless and to afford relief from the uncertainty and controversy that Core Wireless' allegations have created, Apple is entitled to a declaratory judgment that the '151 patent is invalid.

## FIFTH CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '536 Patent)

21.     Apple repeats and realleges the allegations of the preceding Counterclaim Paragraphs 1-20 as if set forth fully herein.

22.     Apple has not infringed and is not infringing any valid claim of the '536 patent.

23.     To resolve the legal and factual questions raised by Core Wireless and to afford relief from the uncertainty and controversy that Core Wireless' allegations have created, Apple is entitled to declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '536 patent.

## SIXTH CAUSE OF ACTION
### (Declaratory Judgment of Invalidity of the '536 Patent)

24.     Apple repeats and realleges the allegations of the preceding counterclaim Paragraphs 1-23 as if set forth fully herein.

25.     One or more claims of the '536 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

26.     To resolve the legal and factual questions raised by Core Wireless and to afford relief from the uncertainty and controversy that Core Wireless' allegations have created, Apple is entitled to a declaratory judgment that the '536 patent is invalid.

**SEVENTH CAUSE OF ACTION**
**(Declaratory Judgment of Non-Infringement of the '818 Patent)**

27.     Apple repeats and realleges the allegations of the preceding Counterclaim Paragraphs 1-26 as if set forth fully herein.

28.     Apple has not infringed and is not infringing any valid claim of the '818 patent.

29.     To resolve the legal and factual questions raised by Core Wireless and to afford relief from the uncertainty and controversy that Core Wireless' allegations have created, Apple is entitled to declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '818 patent.

**EIGHTH CAUSE OF ACTION**
**(Declaratory Judgment of Invalidity of the '818 Patent)**

30.     Apple repeats and realleges the allegations of the preceding counterclaim Paragraphs 1-29 as if set forth fully herein.

31.     One or more claims of the '818 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

32.     To resolve the legal and factual questions raised by Core Wireless and to afford relief from the uncertainty and controversy that Core Wireless' allegations have created, Apple is entitled to a declaratory judgment that the '818 patent is invalid.

## NINTH CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '828 Patent)

33.     Apple repeats and realleges the allegations of the preceding Counterclaim Paragraphs 1-32 as if set forth fully herein.

34.     Apple has not infringed and is not infringing any valid claim of the '828 patent.

35.     To resolve the legal and factual questions raised by Core Wireless and to afford relief from the uncertainty and controversy that Core Wireless' allegations have created, Apple is entitled to declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '828 patent.

## TENTH CAUSE OF ACTION
### (Declaratory Judgment of Invalidity of the '828 Patent)

36.     Apple repeats and realleges the allegations of the preceding counterclaim Paragraphs 1-35 as if set forth fully herein.

37.     One or more claims of the '828 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

38.     To resolve the legal and factual questions raised by Core Wireless and to afford relief from the uncertainty and controversy that Core Wireless' allegations have created, Apple is entitled to a declaratory judgment that the '828 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Apple requests that the Court:

    (a)  Dismiss the Complaint in its entirety, with prejudice;

    (b)  Enter judgment in favor of Apple and against Core Wireless;

    (c)  Declare that Apple has not infringed, and is not infringing, each of the Core Wireless Asserted Patents;

    (d)  Declare that one or more of the claims of each of the Core Wireless Asserted Patents are invalid, void and/or unenforceable against Apple;

    (e)  Grant Apple all reasonable attorneys' fees, experts' fees, and costs;

    (f)  Grant such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff-in-counterclaim Apple hereby demands trial by jury on all issues so triable raised by Core Wireless' Complaint or by Apple's Answer and Counterclaims.

Dated: July 13, 2015

Melissa Richards Smith
(Texas Bar No. 24001351)
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Fax: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*/s/  Joseph J. Mueller*

Joseph J. Mueller
(Massachusetts Bar No. 647567)
Cynthia Vreeland
(Texas Bar No. 20625150
Massachusetts Bar No. 635143)
Richard W. O'Neill
(Massachusetts Bar No. 647567)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Mark D. Selwyn
(California Bar No. 244180)
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
(650) 858-6000

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record are being served with a copy of this document via email per Local Rule CV-5(d).

Dated:  July 13, 2015

/s/  Joseph J. Mueller

Joseph J. Mueller