**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** § § | |
| *Plaintiff*, § | **CIVIL NO. 6:14-CV-752-JRG-JDL** |
| § | |
| vs. § | **JURY TRIAL DEMANDED** |
| § | |
| **APPLE INC.,** § | |
| *Defendant*. § | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Before the Court is Apple Inc.'s ("Apple") Motion to Dismiss Core Wireless Licensing S.A.R.L.'s ("Core Wireless") Complaint (Doc. No. 14) ("MOTION"). The matter is fully briefed (Doc. Nos. 24, 26, & 28). On April 29, 2015, Apple filed notice withdrawing the portion of its pending motion to dismiss regarding Core Wireless's claims of direct infringement (Doc. No. 46). On July 6, 2015 the Court held a hearing on Apple's motion in regard to Core Wireless's breach of contract and related declaratory judgment claims. Pursuant to the Court's comments from the bench, the Court **RECOMMENDS** that Apple's motion to dismiss as to Core Wireless's breach of contract and related declaratory judgment claims be **DENIED WITHOUT PREJUDICE TO REURGING**, pending Judge Gilstrap's ruling on the related contract claims in *Core Wireless Licensing, S.A.R.L. v. Apple Inc.*, 6:12-cv-100 ("*Core Wireless I*"). Within ten days of a ruling, Apple may seek appropriate relief in this Court as to contract and related declaratory judgment claims in this case. Accordingly, the Court now considers Apple's motion to dismiss only as to Core Wireless's claims of induced, contributory, and willful infringement. Having fully considered the parties' arguments and for the reasons set forth herein, the Court **RECOMMENDS** that Apple's Motion to Dismiss as to Core Wireless's induced and

contributory infringement claims be **GRANTED**. The Court further **RECOMMENDS** that Apple's Motion to Dismiss be **DENIED** as to Core Wireless's willful infringement claims.

## BACKGROUND

Core Wireless filed the instant suit against Apple on September 10, 2014 alleging direct, induced, contributory, and willful infringement of five patents: U.S. Patent Nos. 5,946,634 ("the '634 patent"), 6,477,151 ("the '151 patent"), 6,633,536 ("the '536 patent"), 7,782,818 ("the '818 patent"), and RE44,828 E ("the '828 patent") (collectively, "the asserted patents"). The complaint also includes breach of contract, and related declaratory judgment claims based on allegations that Apple breached an obligation to license a portfolio of over 1,200 Core Wireless patents, including the asserted patents. Core Wireless alleges that the entire portfolio comprises patents that are essential to one or more of the mobile communication standards developed by the European Telecommunications Institute, including the GSM/GPRS, UMTS, and LTE standards. On November 17, 2014, Apple moved to dismiss Core Wireless's claims for direct, induced, and contributory infringement. On April 29, 2015, Apple filed notice withdrawing the portion of its pending motion regarding Core Wireless's claims of direct infringement (Doc. No. 46).

Specifically, as to Core Wireless's induced infringement claims, Apple argues that Core Wireless: 1) generically alleges that Apple has induced "manufacturers, resellers and/or end users" to infringe the asserted patents without pleading any facts identifying a specific third party, activity, or normal and customary way to use Apple's products in an allegedly infringing manner; 2) misstates the specific intent standard by alleging that "Apple performed affirmative acts that constitute induced infringement, and Apple knew or should have known that those acts would induce actual infringement of one of more of the [asserted] claims by third parties"; and 3)

fails to plead any facts alleging that Apple had the specific intent to cause others to directly infringe (MOTION at 23-26).

As to Core Wireless's contributory infringement claims, Apple argues that Core Wireless: 1) fails to allege any specific facts to support its allegation that Apple's accused iPhones and iPads include "distinct and separate hardware and/or software components" that are "especially made or especially adapted to practice the invention claimed in the [asserted] patent" and are "not a staple article or commodity of commerce suitable for substantial non-infringing use"; 2) fails to allege any specific facts showing that Apple sells a component that is "a material part of the [purported] invention" and is "not a staple article or commodity of commerce suitable for substantial non-infringing use," or that Apple had knowledge of such facts; and 3) fails to plead any facts to identify third parties or activities that allegedly resulted in acts of direct infringement for purposes of its contributory infringement claims (MOTION at 26-28). Finally, Apple argues that Core Wireless's willful infringement claims fail because they consist of a single conclusory allegation for each patent (MOTION at 28-29).

As to its induced, contributory, and willful infringement claims, Core Wireless argues that: 1) it need not identify a specific direct infringer because it has pleaded that the direct infringers are Apple's customers; 2) the Complaint includes factual allegations regarding Apple's specific intent to induce infringement by others; 3) it has pleaded that the asserted patents are infringed by third-party direct infringers using Apple's accused products, and that the filing of the Complaint suffices to establish Apple's requisite knowledge of the asserted patents at the time the alleged acts of contributory infringement occurred; 4) it has adequately pleaded a lack of substantial non-infringing uses; and 5) it has pleaded a plausible claim of willful

infringement because the Complaint establishes Apple's pre-suit knowledge of the asserted patents, and the parties' negotiations relating thereto (Doc. No. 24 at 9-30).

## LEGAL STANDARD

Motions to dismiss for failure to state a claim are governed by regional circuit law. *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007)). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal,* 501 F.3d at 1356 (internal quotations omitted); *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 243 (5th Cir. 2010). Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 545 (2007) (interpreting Rule 8); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-685 (2009) (applying *Twombly* generally to civil actions pleaded under Rule 8). "'[D]etailed factual allegations'" are not required. *Iqbal*, 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

In the patent context, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357 (citing *Twombly*, 550

U.S. at 565 n.10). Further, the Federal Circuit has definitively held that whether a complaint adequately pleads direct infringement is to be measured by the specificity required by Form 18. *Bill of Lading*, 681 F.3d at 1334; *see also* FED. R. CIV. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."); *Twombly*, 550 U.S. at 569 n.14 (acknowledging that altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation). Form 18 provides a sample complaint for patent infringement and does not require extensive factual pleading:

> (Caption—See Form 1.)
>
> 1. (Statement of Jurisdiction—See Form 7.)
>
> 2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
>
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
>
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
>
> Therefore, the plaintiff demands:
>
> (a) a preliminary and final injunction against the continuing infringement;
> (b) an accounting for damages; and
> (c) interest and costs.
>
> (Date and sign—See Form 2.)

FED. R. CIV. P. Form 18 (2007); *see also Bill of Lading*, 681 F.3d at 1334 (describing the requirements of Form 18). Thus, to the extent that *Twombly* and its progeny conflict with Form 18 and establish different pleading requirements, "the Forms control." *Id.* at 1336-37.[1]

Form 18, however, applies only to direct infringement claims and thus cannot measure the sufficiency of indirect infringement pleadings. *Id*. Therefore, claims for indirect infringement must be judged by the pleading standards articulated in *Twombly* and *Iqbal*. *Id.* ("[B]ecause Form 18 addresses only direct infringement, we must look to Supreme Court precedent for guidance regarding the pleading requirements for claims of indirect infringement."). Lastly, the Court determines whether the complaint states a plausible claim for relief by examining the complaint in context and relying on the Court's own judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

A claim for induced infringement under 35 U.S.C. § 271(b) requires: proof 1) of an act of direct infringement by another; and 2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). The intent element requires that the defendant "[know] that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, —U.S.—, 131 S.Ct. 2060, 2068 (2011); *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.''). In order to survive a motion to dismiss, the complaint must: 1) adequately plead direct infringement by defendant's customers; 2) contain facts plausibly

---

[1] On April 29, 2015, the Supreme Court submitted amendments to the Federal Rules of Civil Procedure abrogating Rule 84, and thereby Form 18. *See* UNITED STATES COURTS, Amendments Adopted by the Supreme Court— Pending Congressional Review (April 29, 2015), http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf. If adopted by Congress, the amendments will take effect December 1, 2015, and accordingly, there would no longer be any conflict between Rule 8 and *Twombly* on one hand and Form 18 on the other.

showing that defendant specifically intended for its customers to infringe the asserted patents; and 3) contain facts plausibly showing that defendant knew that the customer's acts constituted infringement. *See Bill of Lading,* 681 F.3d at 1339.

A plaintiff claiming contributory patent infringement under 35 U.S.C. § 271(c) must prove: 1) an act of direct infringement; 2) that the defendant "knew that the combination for which its components were especially made was both patented and infringing"; and 3) that the components have "no substantial non-infringing uses." *Cross Med. Prods., Inc. v. Medtronic Sofamore Danek, Inc.,* 424 F.3d 1293, 1312 (Fed. Cir. 2005). A complaint properly pleads a claim of contributory infringement if it contains sufficient facts from which Court may conclude that the claim is plausible. *Bill of Lading*, 681 F.3d at 1337.

A claim for willful patent infringement requires proof that: 1) "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent"; and 2) "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). "Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)." *Ferguson Beauregard/Logic Controls, Division of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003).

## DISCUSSION

### A. Inducement Allegations

As noted above, because Form 18 does not expressly pertain to indirect infringement claims, the general principles of *Twombly* and *Iqbal* apply. *Bill of Lading,* 681 F.3d at 1336-37. Under 35 U.S.C. § 271(b), induced infringement requires a showing of: 1) direct infringement by

another; and 2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement. *MEMC*, 420 F.3d at 1378. A party is liable for induced infringement if it knew or should have known that the induced acts constitute patent infringement. *See* 35 U.S.C. § 271 (b); *Global-Tech Appliances,* 131 S. Ct. at 2068; *Bill of Lading,* 681 F.3d at 1339. Thus, to survive Apple's motion to dismiss, the complaint must contain sufficient facts alleging a direct infringer, and establish a plausible inference that Apple specifically intended a third party to commit acts that it knew constituted infringement. *See Bill of Lading*, 681 F.3d at 1339. However, this does not mean that Core Wireless "must prove itself at the pleading stage." *Id.*

While the complaint alleges a direct infringer—namely Apple's manufacturers and customers—it fails to allege any facts that establish a plausible inference that Apple had the specific intent to induce its customer's actions, and knowledge that those actions amounted to infringement. Core Wireless alleges that "Apple knowingly and specifically intends third parties to infringe the [asserted patents'] claims," by manufacturing, distributing, and selling its "Standard-Compliant Products." COMPL. ¶ 67.[2] It is well-settled that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In its response, Core Wireless argues that the complaint includes factual allegations about Apple's specific intent to induce infringement because the complaint alleges that Apple provides instructive materials and information concerning operation and use of the accused products. *See* Doc. No. 24 at 26-27. In a broad sense, the provision of instructions by an accused infringer may indicate specific intent to induce infringement. However, failing to allege any facts identifying, even at a basic level,

---

[2] Since Core Wireless's allegations of induced and contributory infringement are identical across each patent-in-suit, the Court will use the allegations related to the '634 Patent for purposes of discussion. Thus, the Court's reasoning applies across all patents-in-suit in a similar fashion.

which functionalities of the accused products are at issue, or how the instructions direct customers to use those products in an infringing manner, falls short of satisfying Rule 8's notice requirement. In other words, generic allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim. *See U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366, 2013 WL 8482270, at *4 (E.D. Tex. Mar. 6, 2013); *see also Am. Vehicular Sciences LLC v. Mercedes-Benz U.S. Int'l, Inc.*, No. 6:13-cv-307, Doc. No. 77 at 7 (E.D. Tex. February 7, 2014). Thus, Core Wireless's complaint fails to provide Apple with adequate notice as to its induced infringement allegations.

### B. Contributory Infringement Allegations

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *Bill of Lading*, 681 F.3d at 1337 (quoting 35 U.S.C. § 271(c)). Thus, to state a claim for contributory infringement, Core Wireless must, *inter alia*, "plead facts that allow an inference that the components . . . have no substantial non-infringing uses." *Id*. (citations omitted).

For the reasons stated above, the Court finds that the complaint sufficiently identifies direct infringers. However, among other things, the complaint fails to identify the components of the accused products used to infringe the asserted patents, and is devoid of any facts from which the Court can plausibly infer that any components of the products being sold have "no substantial non-infringing uses." Core Wireless argues that a reasonable inference of contributory infringement can be made from the following allegations in the complaint: 1) Apple

installs, configures, and sells its standard-compliant products with distinct and separate hardware and/or software components especially made or adapted to practice the claimed inventions; 2) the hardware and/or software is a material part of the claimed inventions; 3) the hardware and/or software is not a staple article or commodity of commerce because it is specifically designed to perform the claimed functionality; and 4) any other use of the hardware and/or software would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. COMPL. ¶ 69. But none of these generic allegations provide any factual basis upon which a plausible inference of contributory infringement can be drawn. Core Wireless does not identify the general functionality of the respective patents,[3] the hardware and/or software components it accuses, or how those components are material and especially adapted for infringement. Moreover, with such a lack of clarity and specificity, it is impossible to derive a plausible inference that the accused hardware/software has no substantial non-infringing uses. Accordingly, the Court finds that Core Wireless fails to state a claim of contributory infringement.

### C. Willful Infringement Allegations

A plaintiff need only have a good faith basis for alleging willful infringement. *Seagate*, 497 F.3d at 1374. To succeed on a cause of action for willful infringement, a party must show an "objectively high likelihood that its actions constituted infringement" and that this "objectively-defined risk was . . . either known or so obvious that it should have been known to the accused infringer." *Id.* at 1371. Accordingly, at the pleading stage, a plaintiff alleging willful

---

[3] Core Wireless simply states that practicing the asserted patents is necessary to "comply with the requirements of certain standards applicable to mobile communications." COMPL. ¶ 64. This vague statement provides essentially no description of the asserted patents' specific functionality.

infringement should provide enough facts that, when taken as true, show objective recklessness of the infringement risk.[4]

Apple argues that the "[c]omplaint does not plead any facts about 1) whether there was an objectively high risk that Apple was infringing a valid patent, or 2) that Apple knew or should have known of such a risk." (Doc. No. 14 at 29). Here, Core Wireless alleges that in response to Core Wireless's attempts to negotiate FRAND licensing terms, Apple sought a FRAND offer from Core Wireless as to Core's portfolio, including the patents-in-suit, on multiple occasions (COMPL. ¶¶ 24-31). These facts, taken as true, are sufficient at the pleading stage to show objective recklessness of the infringement risk on the part of Apple.

## CONCLUSION

For all the foregoing reasons, the Court **RECOMMENDS** that Apple's Motion to Dismiss (Doc. No. 14) be **GRANTED** as to Core Wireless's induced and contributory infringement claims. The Court further **RECOMMENDS** that Apple's Motion to Dismiss be **DENIED** as to Core Wireless's willful infringement claims and **DENIED WITHOUT PREJUDICE TO REURGING** as to contract and declaratory judgment claims.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

---

[4] By using the term "objective recklessness" it is the Court's intent to encompass the objective and subjective requirements of a willfulness inquiry.

**So ORDERED and SIGNED this 15th day of July, 2015.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE