**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.** ) ) ) | |
| )          **CIVIL ACTION NO. 6:14-cv-752-JRG-JDL** | |
| **Plaintiff,** ) ) | |
| )          **JURY TRIAL DEMANDED** | |
| **v.** ) ) | |
| **APPLE INC.,** ) ) | |
| **Defendant.** ) ) | |

**CORE WIRELESS LICENSING S.A.R.L.'S
ANSWER TO APPLE INC.'S COUNTERCLAIMS**

Plaintiff-Counter-defendant, Core Wireless Licensing S.à.r.l. ("Core Wireless") answers

the Counterclaims of Defendant-Counterclaimant Apple Inc. ("Apple"), as follows:

**NATURE OF ACTION**

1.      Core Wireless denies that its infringement allegation is baseless.  Core Wireless

admits that Apple's Counterclaims arise from Core Wireless's allegation of infringement of the

Core Wireless Asserted Patents.  Except as expressly admitted, Core Wireless denies the

allegations of Paragraph 1 of Apple's counterclaims.

2.      Core Wireless admits that it is the owner of all rights, titles, and interests in and to

the Core Wireless Asserted Patents.

3.      Core Wireless admits that Apple has alleged that an actual case or controversy

exists concerning infringement and validity of one or more claims of the asserted patents.  Core

Wireless is unaware of any allegations concerning enforceability of the asserted patents beyond

the bare assertion of such a defense in Apple's pleadings, and therefore denies Apple's allegation

regarding enforceability of the asserted patents.  Except as expressly admitted, Core Wireless denies the allegations of Paragraph 3 of Apple's counterclaims.

## PARTIES

4.      Core Wireless lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies the same.

5.      Core Wireless admits that it is a corporation duly organized and existing under the laws of the Grand Duchy of Luxembourg.  Except as expressly admitted, Core Wireless denies the allegations of Paragraph 5 of Apple's counterclaims.

## JURISDICTION AND VENUE

6.      Core Wireless admits that the Court has jurisdiction over these Counterclaims pursuant to the Federal Patent Act, 28 U.S.C. §§1338(a), 2201, 2202, and 28 U.S.C. §1331. Core Wireless denies that the Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §1337.  Except as expressly admitted, Core Wireless denies the allegations of Paragraph 6 of Apple's counterclaims.

7.      Admitted.

8.      Core Wireless denies that this Court should transfer this action to the United States District Court for the Northern District of California.  Core Wireless denies the United States District Court for the Northern District of California is a proper venue for this case.  Core Wireless lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 8, and therefore denies the same.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**(Declaratory Judgment of Non-Infringement of the '634 Patent)**

9.      Core Wireless incorporates by reference its responses to Paragraphs 1-8 of this Answer as if fully set forth herein.

10.      Denied.

11.      Denied.

### SECOND CAUSE OF ACTION
**(Declaratory Judgment of Invalidity of the '634 Patent)**

12.      Core Wireless incorporates by reference its responses to Paragraphs 1-11 of this Answer as if fully set forth herein.

13.      Denied.

14.      Denied.

### THIRD CAUSE OF ACTION
**(Declaratory Judgment of Non-Infringement of the '151 Patent)**

15.      Core Wireless incorporates by reference its responses to Paragraphs 1-14 of this Answer as if fully set forth herein.

16.      Denied.

17.      Denied.

### FOURTH CAUSE OF ACTION
**(Declaratory Judgment of Invalidity of the '151 Patent)**

18.      Core Wireless incorporates by reference its responses to Paragraphs 1-17 of this Answer as if fully set forth herein.

19.      Denied.

20.      Denied.

## FIFTH CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '536 Patent)

21.     Core Wireless incorporates by reference its responses to Paragraphs 1-20 of this

Answer as if fully set forth herein.

22.     Denied.

23.     Denied.

## SIXTH CAUSE OF ACTION
### (Declaratory Judgment of Invalidity of the '536 Patent)

24.     Core Wireless incorporates by reference its responses to Paragraphs 1-23 of this

Answer as if fully set forth herein.

25.     Denied.

26.     Denied.

## SEVENTH CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '818 Patent)

27.     Core Wireless incorporates by reference its responses to Paragraphs 1-26 of this

Answer as if fully set forth herein.

28.     Denied.

29.     Denied.

## EIGHTH CAUSE OF ACTION
### (Declaratory Judgment of Invalidity of the '818 Patent)

30.     Core Wireless incorporates by reference its responses to Paragraphs 1-29 of this

Answer as if fully set forth herein.

31.     Denied.

32.     Denied.

## NINTH CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '828 Patent)

33.     Core Wireless incorporates by reference its responses to Paragraphs 1-32 of this Answer as if fully set forth herein.

34.     Denied.

35.     Denied.

## TENTH CAUSE OF ACTION
### (Declaratory Judgment of Invalidity of the '828 Patent)

36.     Core Wireless incorporates by reference its responses to Paragraphs 1-35 of this Answer as if fully set forth herein.

37.     Denied.

38.     Denied.

## PRAYER FOR RELIEF

In response to Apple's Prayer for Relief, Core Wireless denies that Apple is entitled to any relief, and in particular to any of the relief requested in paragraphs (a)-(f) of Apple's Prayer for Relief, and further requests that the Court enter such preliminary and final orders and judgments as are necessary to provide Core Wireless with the following requested relief:

A.     A judgment in favor of Core Wireless on Apple's Counterclaims that the asserted patents are valid and enforceable and that Apple infringes one or more of the Patents-in-Suit;

B.     An Order dismissing Apple's Counterclaims in their entirety and with prejudice;

C.     For an accounting of all damages sustained by Plaintiff as the result of Apple's acts of infringement;

D.     For enhanced damages pursuant to 35 U.S.C. §284;

E.      For a mandatory future royalty payable on each and every product sold by Apple in the future that is found to infringe one or more of the Patents-in-Suit and on all future products which are not colorably different from products found to infringe;

F.      And such further relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule CV-38, Plaintiff demands a trial by jury of this action.

Dated:  August 6, 2015                          Respectfully Submitted,

By:     /s/ Henry Bunsow
      Henry Bunsow (California SBN 60707)
      Brian A.E. Smith (California SBN 188147)
      Matthew F. Greinert (California SBN 239492)
      Dino Hadzibegovic (California SBN 267489)
      Robin Curtis (California SBN 271702)
      BUNSOW, DE MORY, SMITH & ALLISON LLP
      351 California Street, Suite 200
      San Francisco, CA  94104
      Telephone:  (415) 426-4747
      Facsimile:  (415) 426-4744
      Email:  hbunsow@bdiplaw.com
      Email:  bsmith@bdiplaw.com
      Email:  mgreinert@bdiplaw.com
      Email:  dhadzibegovic @bdiplaw.com
      Email:  rcurtis@bdiplaw.com

      Denise De Mory (California SBN 168076)
      Craig Y. Allison (California SBN 161175)
      Cliff Win (California SBN 270517)
      BUNSOW, DE MORY, SMITH & ALLISON LLP
      701 El Camino Real
      Redwood City, CA  94063
      Telephone:  (650) 351-7248
      Facsimile:  (650) 351-7259
      Email:  ddemory@bdiplaw.com
      Email:  callison@bdiplaw.com
      Email:  cwin@bdiplaw.com

      T. John Ward, Jr. (Texas Bar # 00794818)
      Wesley Hill (Texas Bar # 24032294)
      WARD & SMITH LAW FIRM
      1127 Judson Road, Suite 220
      Longview, Texas 75601
      Telephone:  (903) 757-6400
      Facsimile:  (903) 757-2323
      Email:  jw@wsfirm.com
      Email:  wh@wsfirm.com

      *Attorney for Plaintiff*
      *Core Wireless Licensing S.A.R.L.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail.

Dated:  August 6, 2015

_/s/ Henry C. Bunsow_
Henry C. Bunsow